## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| _____ ) | |
| DANE STREET, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| ROLAND J. NADEAU and ) | |
| MEDSOURCE NATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## COMPLAINT

Plaintiff Dane Street, LLC ("Dane Street" or "Plaintiff") asserts the following claims against Defendants Roland J. Nadeau ("Mr. Nadeau") and MedSource National, Inc. ("MedSource National") (collectively, "Defendants") and alleges that:

## INTRODUCTION

1.      Dane Street brings this action against its former employee, Roland Nadeau, who resigned from the company on June 1, 2016.  Dane Street has conducted a forensic examination of Mr. Nadeau's laptop computer and has discovered that he misappropriated from the company a significant amount of confidential and proprietary information and trade secrets, including but not limited to client/contact lists, pricing and fee schedules, requests for proposals, sales presentations, contracts and extremely sensitive financial information.  Worse, Mr. Nadeau has gone to work for Defendant MedSource National, a direct competitor of Dane Street, in the same geographic area, and, as a result, MedSource National now has access to Dane Street's confidential and

proprietary information and trade secrets.  Dane Street has suffered damages and irreparable harm as a result of Mr. Nadeau's unlawful actions of misappropriation.

**PARTIES, JURISDICTION, & VENUE**

2.      This is an action for breach of contract, breach of fiduciary duty, conversion, tortious interference with business relationships, unfair competition, violations of the Florida Uniform Trade Secrets Act, F.S. § 688.001, *et seq.*

3.      Plaintiff Dane Street, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located in Boston, Massachusetts.  Dane Street, LLC's sole member is a citizen of the state of Massachusetts.  Dane Street is authorized to do business in the State of Florida.

4.      Defendant Roland J. Nadeau, a former employee of Dane Street, is a resident of Broward County, Florida.  Mr. Nadeau lives at 18233 SW 48th Street, Southwest Ranches, Florida 33331.

5.      Defendant MedSource National, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in Garden City, New York.  MedSource National also maintains an office in Coral Gables, Florida. According to its website, MedSource National is "an affiliate company of MedSource Services, Inc., a Michigan-based, Independent Medical Exam (IME) and Review firm servicing the Midwest since 1993."

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), because there is complete diversity between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of

interest, costs, and attorneys' fees. Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in this district and Defendant Mr. Nadeau is a resident of this district.

7.      All conditions precedent to the institution of this action and to obtain the relief sought herein have been performed, have occurred, and/or have been waived or otherwise excused by Defendants' actions.

## GENERAL ALLEGATIONS

### The Parties

8.      Dane Street is an Independent Medical Examination ("IME") and Peer Review organization which provides objective medical assessments at the request of clients who have a need for independent evaluation of medical records.  Through a national panel of board-certified, active-practice healthcare professionals, Dane Street provides compliant, objective and timely IMEs and Peer Reviews to insurance carriers, third-party administrators, managed care organizations, employers and pharmacy benefit managers.

9.      MedSource National is a direct competitor of Dane Street, and it also provides national IME and Peer Review services to insurance carriers, employers, and third party administrators.

10.      The IME industry is highly competitive, and service providers such as Dane Street and MedSource National compete for similar business.

11.      Dane Street and MedSource National both have offices in, and conduct business in, the South Florida area. Both companies also have offices in New York and Michigan.

12.     Mr. Nadeau was hired by Dane Street in July 2014 as "Operations Manager, IME."   In that role, he reported directly to the company's chief operating officer.  Mr. Nadeau worked initially from Dane Street's office in Weston, Florida; when that office was moved to Doral, Florida, he then worked from the Doral office.

### Mr. Nadeau's Employment Agreement

13.     On or about July 8, 2014, Mr. Nadeau entered into an Employment Agreement ("the Agreement") with Dane Street.

14.     The Agreement contains restrictive covenants governing Mr. Nadeau's conduct both during and after his employment, including provisions relating to confidential and proprietary information, non-solicitation and non-interference.[1]

15.     Paragraphs 3 and 4 of the Agreement address the use of confidential and proprietary information and provide as follows:

> ***Confidential/Proprietary Information.***   The Employee acknowledges that, in order for employee to perform duties properly, the Company must necessarily entrust the Employee with certain proprietary information, trade secrets and confidential business information.  The information includes, but is not limited to Company's research and development plans and activities; the Company's production plans and activities; the prices, terms and conditions of the Company's contracts with its customers and physician network; the identities, needs and requirements of the Company's customers, the Company's pricing policies and price lists; the Company's business plans and strategies; the Company's marketing plans and strategies; personnel information; confidential records, customer lists, contracts and files, billing rates, physician information, physician reports, and extremely sensitive financial information regarding the Company.

> ***Nondisclosure of Confidential Information.***   The Employee agrees that, during the term of employment with the Company and thereafter, employee will not disclose the Confidential Information

---

[1] The Agreement also contains a covenant not to compete, which Dane Street is not currently seeking to enforce in this action.

or use it in any way, except on behalf of the Company, whether or not such Confidential Information is produced by the Employee's own efforts. The Employee further agrees, upon termination of employment, promptly to deliver to the Company all Confidential Information, whether or not such Confidential Information was produced by the Employee's own efforts, and to refrain from making, retaining or distributing copies thereof.

16.     Paragraph 8 of the Agreement contains a non-solicitation provision which

provides as follows:

> ***Nonsolicitation of Company Customers.***  The Employee agrees that, during the term of employment with the Company and for one year thereafter, employee will not solicit or take away, or attempt to solicit or take away, or assist in doing so, directly or indirectly, any customers or clients of the Company, either for own business or for any other person or entity, nor shall induce or encourage any customer or client to sever its relationship with the Company.

17.     Paragraph 9 of the Agreement contains a non-interference provision

which provides as follows:

> ***Noninterference with Company.***  The Employee agrees that, during the term of employment with the Company and for one year thereafter, employee will not encourage or seek to persuade any customers, clients, vendors, or independent contractors of the Company to diminish or discontinue their business with the Company or to violate any agreement with the Company.  The Employee also understands and acknowledges that there exists information about the Company, its business, its products, its customers, and its suppliers that if made known to other customers, suppliers, or the public at large would cause considerable, irreparable harm to the Company.  Employee therefore agrees that employee will never share this information with any other person or entity without prior written permission from the President of the Company.  The only exception to this prohibition is in replying to a lawfully issued subpoena and only then after first notifying the President of the Company at least seven days before complying with the subpoena.

18.     In summary, Mr. Nadeau agreed: (i) not to use or disclose Dane Street's

confidential/proprietary information following the termination of his employment, (ii) not

to solicit Dane Street's customers for a period of one year following the termination of his employment, and (iii) not to interfere with Dane Street's business relationships for a period of one year following the termination of his employment.

19.     By signing the Agreement and accepting employment with Dane Street, Mr. Nadeau agreed that these restrictions are reasonable and are properly required to protect Dane Street's business interests, and that in the event of a breach, Dane Street would be entitled to injunctive relief.  *See* Agreement, ¶ 12 ("Employee acknowledges and agrees that if Employee violates or threatens to violate any covenant or agreement made by the Employee, the Company - in addition to all other rights it may have - shall be entitled to an injunction restraining Employee from breaching this Agreement").

20.     As an employee of Dane Street, Mr. Nadeau owed a fiduciary duty to his employer.  He also had a legal obligation under the laws of both Florida (the state in which he lived and worked) and Massachusetts (the state in which Dane Street is based and the law of which governs the Agreement) to protect and to not misuse the confidential and proprietary information and trade secrets of his employer.

**Dane Street Takes Steps to Protect its Confidential Information**

21.     Dane Street has spent substantial sums of money, time and effort developing its confidential and proprietary information, including but not limited to client/contact lists, pricing and fee schedules, sales presentations, RFPs and extremely sensitive financial information to remain competitive in the market place.

22.     Dane Street's confidential information derives independent economic value, actual and potential, from not being generally known to, and not being readily

ascertainable by proper means by the competitors of plaintiff, and such information is the subject of reasonable efforts to maintain its secrecy.

23.     To protect this valuable confidential information from improper use or disclosure, Dane Street takes measures to ensure that confidential and proprietary information is secure and is not misused.  Among other things, Dane Street requires employees like Mr. Nadeau to sign agreements acknowledging the confidentiality of certain information and prohibiting its disclosure or misuse.  Dane Street also requires employees to use only company-approved computers, such as the laptop computer that was assigned to Mr. Nadeau.  It requires passwords to obtain access to information. Further, Dane Street maintains policies which address the proper use of confidential information, particularly since Dane Street's business involves the use of medical records and patient information.

24.     For example, Dane Street's Employee Handbook includes a number of provisions governing confidential information, including the following:

2.2  Confidentiality and Proprietary Information:

> Like all businesses, Dane Street is responsible for protecting confidential information about internal operations, business performance, processes, and procedures. Such information is sometimes referred to as "trade secrets" and may not be shared with competitors, vendors, customers, government officials, the media, or other employees. Examples of confidential information are:
>
> - Company operating procedures and methods;
> - Trade secrets, formulas, and designs;
> - Company's financial or profit position;
> - Prices and pricing strategy;
> - Company business plans or future strategy;
> - Information about current or former employees;
> - Patient information;
> - Customer/supplier information; and

- Documents or information regarding the Company's operations, procedures, or practices.

All information obtained during or through employment with the Company may not be used by any employee for the purpose of furthering current or future outside employment or activities or for obtaining personal gain or profit.

*\*\**

2.4 Conflict of Interest:

A conflict of interest presents an ethical and legal dilemma that could potentially result in unethical business practices. … Activities can include, but are not limited to:

- Misusing or divulging confidential or proprietary Company information for personal gain;

*\*\**

8.1 External Communication:

As a Company, we want you to remain focused on what you do best: providing quality customer service for our customers.  For your protection as well as the Company's, it is the Company's strict policy that all employees are prohibited from distributing or divulging company policies, procedures, or pricing information to any source outside of Dane Street.

*\*\**

8.3  Electronic Communications:

Dane Street strives to maintain a productive work environment that includes the resources necessary to help you carry out your job responsibilities. The computers, related equipment, computer files, e-mail system, and software furnished to employees remain Company property, intended for business use.  The Company has developed security policies to ensure the productive use of electronic equipment and services and to provide protection of confidential and sensitive information. If you have any questions regarding the use of your computer, including e-mail and the Internet, please contact your Supervisor immediately to prevent any issues or perception of misuse. When handling protected health information (PHI) via e-mail, employees must strictly follow Dane Street's PHI Procedures.

*\*\**

    10.4 Company Assets:

> In the event of departure for an extended leave of absence or termination, employees are required to return all company keys, key cards, identification cards, computers, computer equipment, cellular phones, and private or proprietary documents, files, customer lists, or other items belonging to the Company.

*See* Employee Handbook, §§ 2.2, 2.4, 8.1, 8.3, 10.4.

25.    Mr. Nadeau signed an attestation acknowledging receipt and agreement to the policies set forth in the Employee Handbook. Nevertheless, he violated all of the policies set forth above.

26.    Mr. Nadeau also signed attestations acknowledging other policies of Dane Street which concern confidential information (such as Dane Street's URAC/HIPPA/COI Guideline Policy), and he completed online training courses which included elements on ethics, confidentiality and the proper use of company property (including computers).

## Mr. Nadeau's Termination of Employment

27.    Mr. Nadeau voluntarily terminated his employment with Dane Street on June 1, 2016.

28.    At the time of his termination, Dane Street management suspected that Mr. Nadeau was going to work for a competitor, and was aware that Mr. Nadeau had a prior relationship with the president of MedSource National. Among other things, Dane Street was aware that, during the time that he was still employed at Dane Street, Mr. Nadeau commented positively on posts made on MedSource National's Twitter feed.

29.    Subsequent to the termination of his employment, Nr. Nadeau has confirmed to Dane Street that he is now working for a competitor, MedSource National.

## Mr. Nadeau's Improper Conduct and
## Misappropriation of Confidential and Proprietary Information

30.    Dane Street has conducted a forensic examination of the laptop computer assigned to Mr. Nadeau, as well as his electronic mail.   The forensic examination revealed that Mr. Nadeau possesses confidential and proprietary information belonging to Dane Street, and that he has breached his Employment Agreement and his fiduciary duties to his employer.

31.    Among other things, Dane Street discovered that Mr. Nadeau had emailed confidential and proprietary information from his Dane Street email address to his own personal email address, *nadeau@bellsouth.net*.    Attached to these emails were confidential and proprietary Dane Street documents and information, including but not limited to the following:

    a.   Nov. 9, 2015 email with subject line "For Safe Keeping."  Attached to this email were Word documents entitled "Clients" and "Cases of Note."  In the body of the email, Mr. Nadeau wrote to himself, "Keep these files for info."

    b.   Nov. 9, 2015 email with subject line "Weston Office."  Attached to this email was a Word document entitled "Weston Office – Financials."  At the time, Mr. Nadeau worked at Dane Street's office located in Weston, Florida.  In the body of the email, Mr. Nadeau wrote to himself, "Keep these files for info."

    c.   Dec. 10, 2015 emails with subject line "Doctors to Research."  Mr. Nadeau sent to himself a series of eight numbered emails (*e.g.*, Doctors to Research #5, Doctors to Research #6, etc.).  All of these emails included attachments, including files named "Louisiana Physician List.csv," "Mississippi Physician List.csv," "North Carolina Physician List.csv," "South Carolina Physician List.csv," "Tennessee Physician List.csv," "Texas Physician List.csv," "LM RFP NORTH CAROLINA.xlsx," "LM RFP SOUTH CAROLINA.xlsx," "LM RFP TENNESSEE.xlsx,"  "LM  RFP  TEXAS.xlsx"  and "IMEFloridaPanel.xlsm."  These documents contain requests for

proposals, as well as physician listings with fee schedules in various states.

32.     Dane Street also discovered that Mr. Nadeau downloaded a substantial amount of confidential and proprietary information from the company's computer network to the laptop assigned to him.  Those files included sales presentations, client pricing and fee schedules, IME reports, requests for proposals, organizational charts, operational documents and client/contact lists.

33.     The forensic examination revealed that between approximately 6:35 AM and 6:55 AM on May 1, 2016 (just one month prior to his resignation), Mr. Nadeau deleted to his trash bin dozens of files containing confidential information that he had downloaded, which leads to the reasonable conclusion that Mr. Nadeau was attempting to "cover his tracks" prior to his resignation.

34.     Some of the documents downloaded by Mr. Nadeau were recently created documents, including a number of internal Dane Street documents (such as organizational charts) dated in mid-April 2016.  The fact that Mr. Nadeau downloaded these documents and then deleted them *en masse* just several weeks later (and just prior to his resignation) leads to the conclusion that in the weeks prior to his resignation he was pulling files that might be of use to him at MedSource (or to MedSource itself), and then he deleted the files from his computer once he had secured the information that he was seeking.

35.     Many of the documents that Dane Street discovered on Mr. Nadeau's laptop were not documents that he would have needed or used in his role at the time.  In other words, he was deliberately taking information and files from Dane Street that were not necessary for his job, and were not provided to him in the ordinary course of business.

36.     As a result of these actions, upon information and belief, MedSource National now has access to Dane Street's confidential and proprietary information, including but not limited to client/contact lists, pricing and fee schedules, sales presentations, RFPs and extremely sensitive financial information.

37.     Upon information and belief, Mr. Nadeau has or intends to disclose or make use of this information during the course of his employment at MedSource National, if he hasn't done so already.

38.     Mr. Nadeau's actions have caused and will continue to cause damage to Dane Street, including its business reputation and goodwill, which Dane Street has developed at great effort and expense over the years.  Additionally, any effort by Mr. Nadeau and/or MedSource National in using Dane Street's confidential and proprietary information in soliciting Dane Street's clients to move their business to MedSource National will cause significant financial harm to Dane Street.

39.     Unless Mr. Nadeau is restrained from possessing and using the confidential, proprietary information he has misappropriated, and soliciting Dane Street's clients in violation of the Agreement, he will continue to breach the Agreement and cause further harm to Dane Street.

40.     On June 20, 2016, Dane Street sent a letter to Mr. Nadeau and copied MedSource National, which demanded that he immediately return to Plaintiff the confidential, proprietary information and trade secrets that he has misappropriated and to cease and desist any improper, unlawful actions he has been taking in violation of the Agreement including using such confidential, proprietary information and trade secrets.

41.     Despite these demands, Mr. Nadeau has refused to return the confidential, proprietary information and, upon information and belief, continues to utilize Dane Street's confidential and proprietary business information and trade secrets.

## COUNT I
## Breach of Contract – Injunctive Relief
### (Against Mr. Nadeau)

42.     Dane Street re-alleges and incorporates by reference paragraphs 1 through 38 above as though fully set forth herein.

43.     Mr. Nadeau freely and voluntarily entered into the Agreement with Dane Street, which included the restrictive covenants described herein.

44.     As set forth above, Mr. Nadeau has breached the terms of the Agreement by, among other things, taking Dane Street's confidential and proprietary business information and trade secrets, including its client/contact lists, pricing and fee schedules, RFPs, sales presentations and extremely sensitive financial information, from Dane Street after his termination from Dane Street, and, upon information and belief, using that confidential information for the benefit of a directly-competing business, and refusing to return Dane Street's confidential, proprietary business information and property.

45.     Dane Street has no adequate remedy at law to prevent Mr. Nadeau from violating the terms of his Agreement, which acts have and will continue to cause irreparable injury, damages, and harm to Dane Street.

46.     Dane Street has a clear legal right to seek issuance of an injunction against Mr. Nadeau under the terms of the Agreement.

47.     The violations of the Agreement have or will give Mr. Nadeau and MedSource National an unfair competitive advantage at the expense of Dane Street.

WHEREFORE, Dane Street respectfully requests that the Court (a) issue temporary and permanent injunctive relief enjoining Mr. Nadeau from engaging in practices which are in violation of the Agreement, including but not limited to enjoining Mr. Nadeau from using the confidential and proprietary business information and trade secrets of Dane Street and requiring the return of such information to Dane Street; (b) award Dane Street its reasonable attorneys' fees and costs incurred in connection with this proceeding; and (c) award Dane Street such other and further relief which is necessary and just under the circumstances.

## COUNT II
## Breach of Fiduciary Duty
### (Against Mr. Nadeau)

48.     Dane Street re-alleges and incorporates by reference paragraphs 1 through 38 above as though fully set forth herein.

49.     As an employee of Dane Street, Mr. Nadeau owed a fiduciary duty to his employer, including the duties of loyalty, care and prudence.

50.     Mr. Nadeau breached his fiduciary duties by the misappropriation of confidential and proprietary information from Dane Street.

51.     As a result of this breach of fiduciary duty, Dane Street has suffered damages and irreparable harm, and will continue to suffer irreparable harm until injunctive relief issues.

WHEREFORE, Dane Street respectfully requests that the Court (a) issue temporary and permanent injunctive relief enjoining Mr. Nadeau from engaging in practices which are in violation of the Agreement, including but not limited to enjoining Mr. Nadeau from using the confidential and proprietary business information and trade

secrets of Dane Street and requiring the return of such information to Dane Street; (b) award Dane Street its reasonable attorneys' fees and costs incurred in connection with this proceeding; and (c) award Dane Street such other and further relief which is necessary and just under the circumstances.

**COUNT III**
**<u>Conversion</u>**
**(Against Mr. Nadeau)**

52.     Dane Street re-alleges and incorporates by reference paragraphs 1 through 38 above as though fully set forth herein.

53.     Dane Street has a property interest in its confidential and proprietary information and trade secrets, including its client/contact lists, pricing and fee schedules, RFPs, sales presentations and extremely sensitive financial information.

54.      Mr. Nadeau intentionally and unlawfully took and maintained possession of Dane Street's confidential and proprietary information and trade secrets, including its client/contact lists, pricing and fee schedules, RFPs, sales presentations and extremely sensitive financial information.

55.     Mr. Nadeau improperly converted Dane Street's property to his own use and benefit without authorization of Dane Street.  Mr. Nadeau had asserted control over Dane Street's confidential and proprietary information and trade secrets.

56.     Mr. Nadeau's conversion is inconsistent with Plaintiff's rights and ownership to such property.

57.     As a result of this unauthorized conversion of its property, Dane Street has suffered damages and irreparable harm, and will continue to suffer irreparable harm until

injunctive relief issues.  Dane Street has made demands on Mr. Nadeau to return the property converted by him, but Mr. Nadeau has refused to do so.

WHEREFORE, Dane Street respectfully requests that the Court (a) issue temporary and permanent injunctive relief enjoining Mr. Nadeau from engaging in practices which are in violation of the Agreement, including but not limited to enjoining Mr. Nadeau from using the confidential and proprietary business information and trade secrets of Dane Street and requiring the return of such information to Dane Street; (b) award Dane Street its reasonable attorneys' fees and costs incurred in connection with this proceeding; and (c) award Dane Street such other and further relief, including compensatory damages, costs, and other relief, which is necessary and just under the circumstances.

**COUNT IV**
**Tortious Interference with Business Relationships**
**(Against Mr. Nadeau and MedSource National)**

58.     Dane Street re-alleges and incorporates by reference paragraphs 1 through 38 above as though fully set forth herein.

59.     Dane Street has gone to great lengths to protect the confidentiality of its clients and create business relationships and goodwill with its clients.

60.     Mr. Nadeau, by virtue of his actions, has tortiously interfered with the business relationships developed by Dane Street with its clients.

61.     Additionally, upon information and belief, Mr. Nadeau has shared Dane Street's confidential and proprietary information with his new employer, MedSource National, which, upon information and belief, has used that information to interfere

with the business relationships Dane Street has developed with its clients in order to secure a business advantage for itself.

62.     Mr. Nadeau and MedSource National have tortiously interfered with the business relationships and goodwill of Dane Street's clients.

63.     As a result, Dane Street has suffered irreparable harm, and will continue to suffer irreparable harm until injunctive relief issues.

WHEREFORE, Dane Street respectfully requests that the Court (a) issue temporary and permanent injunctive relief enjoining Mr. Nadeau and MedSource National from engaging in practices which are in violation of the Agreement, including but not limited to enjoining Mr. Nadeau from using the confidential and proprietary business information and trade secrets of Dane Street and requiring the return of such information to Dane Street; (b) award Dane Street its reasonable attorneys' fees and costs incurred in connection with this proceeding; and (c) award Dane Street such other and further relief, including compensatory damages, costs, and other relief, which is necessary and just under the circumstances.

**COUNT V**
**Common Law Unfair Competition**
**(Against Mr. Nadeau and MedSource National)**

64.     Dane Street re-alleges and incorporates by reference paragraphs 1 through 38 above as though fully set forth herein.

65.     Mr. Nadeau, by virtue of his actions, has engaged in significant and unfair competition with Dane Street in or affecting commerce within Florida. These actions include, but are not limited to, stealing Dane Street's confidential and proprietary business information for use in a competing business.

17

66.     Upon information and belief, Mr. Nadeau has shared Dane Street's confidential and proprietary information with his new employer, MedSource National, which, upon information and belief, has used that information to compete with Dane Street for clients.

67.     As a result of the acts described above, Mr. Nadeau and MedSource National have engaged in unfair competition.

68.     As a result, Dane Street has suffered irreparable harm, and will continue to suffer irreparable harm, for which there is no adequate remedy at law, until injunctive relief issues.

WHEREFORE, Dane Street respectfully requests that the Court (a) issue temporary and permanent injunctive relief enjoining Mr. Nadeau from engaging in practices which are in violation of the Agreement, including but not limited to enjoining Mr. Nadeau from using the confidential and proprietary business information and trade secrets of Dane Street and requiring the return of such information to Dane Street; (b) award Dane Street its reasonable attorneys' fees and costs incurred in connection with this proceeding; and (c) award Dane Street such other and further relief, including compensatory damages, costs, and other relief, which is necessary and just under the circumstances.

### COUNT VI
### Violation of the Florida Uniform Trade Secrets Act – Injunctive Relief
### (Against Mr. Nadeau)

69.     Dane Street re-alleges and incorporates by reference paragraphs 1 through 38 above as though fully set forth herein.

70.     Mr. Nadeau, by virtue of his actions, has violated the provisions of the Florida Uniform Trade Secrets Act, Florida Statutes Sections 688.001, *et seq.*, which provides that the owner of trade secrets shall have remedy by civil action for misappropriation of its trade secrets.

71.     As described above, Mr. Nadeau stole Dane Street's trade secrets and confidential and proprietary business information and breached his duty to maintain the secrecy of this information.

72.     Upon information and belief, Mr. Nadeau has used, and is continuing to use, Dane Street's trade secrets and confidential and proprietary business information to his own advantage, in connection with his new employer's directly-competing business, while knowing that this information was acquired by improper means.

73.     Dane Street's trade secrets and confidential and proprietary business information that were wrongfully misappropriated by Mr. Nadeau are comprised of information that is not available to the general public and which derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

74.     Dane Street's trade secrets and confidential and proprietary business information that were wrongfully misappropriated by Mr. Nadeau contain highly sensitive information that, if know, could give a competitor an unfair advantage.

75.     Dane Street's trade secrets and confidential and proprietary business information that were wrongfully misappropriated by Mr. Nadeau were and are the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

These efforts include, but are not limited to, requiring employees, like Mr. Nadeau, to enter into employment agreements pursuant to which they agree to keep this information confidential.

76.     Dane Street has no adequate remedy at law to prevent the misappropriation and continued improper use of its trade secrets and confidential and proprietary business information by Mr. Nadeau, whose acts have and will continue to cause irreparable injury and harm to Dane Street.

77.     Dane Street has a clear legal right to seek issuance of an injunction against Mr. Nadeau.

78.     The aforesaid improper actions by Mr. Nadeau have and are continuing to interfere with the business, goodwill and customer relationships of Dane Street, and are providing Mr. Nadeau and his employer with unfair competitive advantages at the expense of Dane Street.  Dane Street has no adequate remedy at law to address these and other injuries.

79.     Mr. Nadeau's actions are willful, intentional, and malicious.

80.     Pursuant to Florida Statutes Section 688.003, the actual and/or threatened misappropriation of Dane Street's trade secrets and confidential and proprietary business information may be specifically enjoined.

81.     Enjoining the unlawful conduct of Mr. Nadeau would be in the public interest.

WHEREFORE, Dane Street respectfully requests that the Court: (a) issue temporary and permanent injunctive relief enjoining Mr. Nadeau from actual and threatened misappropriation of Dane Street's trade secrets and confidential and

proprietary business information, as set forth above; (b) require Mr. Nadeau to immediately return the trade secrets and confidential and proprietary business information that he stole and misappropriated from Dane Street; (c) award Dane Street its reasonable attorneys' fees and costs pursuant to Florida Statutes Section 688.005; and (d) grant Dane Street such other and further relief as this Court deems just and proper.

## COUNT VII
## Misappropriation of Trade Secrets -- Damages
### (Against Mr. Nadeau)

82.    Dane Street realleges and incorporates by reference Paragraphs 1 through 38, and Paragraphs 66 through 71, above as if fully set forth herein.

83.    This is an action under Florida's Uniform Trade Secret Act, Florida Statutes Sections 688.001-688.009, plead in the alternative to Count VI.

84.    As set forth above, Mr. Nadeau has wrongfully misappropriated trade secrets and confidential and proprietary business information from Dane Street.

85.    The aforesaid improper actions by Mr. Nadeau have and are continuing to interfere with the business, goodwill and customer relationships of Dane Street, and are providing Mr. Nadeau and his employer with unfair competitive advantages at the expense of Dane Street.

86.    Mr. Nadeau's actions are willful, intentional, and malicious.

87.    Dane Street has been damaged by the willful and malicious actions of Mr. Nadeau.

WHEREFORE, Dane Street respectfully requests that the Court: (a) award damages to Dane Street as a result of the willful and malicious misappropriation of Dane

Street's trade secrets and confidential and proprietary business information to the full extent permitted by Florida's Uniform Trade Secret Act; (b) award Dane Street its reasonable attorneys' fees and costs pursuant to Florida Statutes Section 688.005; and (c) grant Dane Street such other and further relief as this Court deems just and proper.

Dated: July 1, 2016

Respectfully submitted,

/s/ Andrea Shwayri Ferraro
Andrea Shwayri Ferraro, Esq.
Florida Bar No. 0051566
E-Mail: shwayria@gtlaw.com
GREENBERG TRAURIG, P.A.
777 South Flagler Drive, Suite 300E
West Palm Beach, FL 33401
Telephone: (561) 650-7900

David L. Ward*
Florida Bar No. 64109
E-Mail:  wardda@gtlaw.com
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Telephone: (617) 310- 6000

John K. Wells**
Email: wellsj@gtlaw.com
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Telephone: (617) 310- 6000


*admission to S.D. of Florida
pending
** admission for pro hac vice
pending

Counsel for Plaintiff Dane Street,
LLC